**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIEL JAMES SILVA,

                    Plaintiff,

vs.                                             Case No. 3:17-cv-00814-J-34JRK

TAYLOR ALISON SWIFT,

                    Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

### I.  Status

      This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), filed July 17, 2017, that the Court construes as a Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> ("Motion"). Upon review of the file, the undersigned recommends that the case be dismissed for frivolity and failure to state a claim on which relief may be granted.

      Plaintiff initiated this action <u>pro se</u> on July 17, 2017 by filing a Complaint (Doc. No. 1). Subsequently, Plaintiff filed an "Amendment to Complaint" (Doc. No. 4; "Amended Complaint") on September 5, 2017.[2] On October 2, 2017, the undersigned entered an Order

---

[1]    "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." <u>Id.</u>  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  <u>See</u> Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2]    The undersigned notes that on March 13, 2017, Plaintiff initiated a similar action <u>pro se</u> against Defendant. <u>See</u> Complaint (Doc. No. 1), <u>Silva. v. Swift</u>, 3:17-cv-00292-J-20MCR (M.D. Fla. July 13, 2017) ("First Case"). In that case, Plaintiff also moved to proceed <u>in forma pauperis</u>. <u>See</u> Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), First Case. On May 3, 2017,

(continued...)

(Doc. No. 5; "Order"), taking the Motion under advisement. Observing that the Complaint appeared subject to dismissal for frivolity and failure to state a viable claim upon which relief may be granted, the undersigned directed Plaintiff to file a Second Amended Complaint by November 3, 2017; alternatively, Plaintiff was directed to pay the filing fee by November 3, 2017. See Order at 1, 7. On October 12, 2017, Plaintiff filed a Second Amended Complaint. See Second Amendment to Complaint (Doc. No. 6; "Sec. Am. Compl."). Plaintiff, however, has failed to cure the deficiencies initially identified in the Order. See Order at 5.

## II. Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show he is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

---

[2](...continued)
before effecting service on Defendant and before any ruling had been made on his application to proceed in forma pauperis, Plaintiff filed a Motion for Default Judgment (Doc. No. 13), First Case. The Court denied the motion finding that Plaintiff had not effected proper service on Defendant. See Order (Doc. No. 16), First Case. On May 31, 2017, again before properly effecting service, Plaintiff filed a Motion for Summary Judgment (Doc. No. 17), First Case. On June 21, 2017, Defendant filed a Motion to Quash or Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc. No. 22), First Case. On July 11, 2017, Plaintiff filed a Motion to Dismiss (Doc. No. 24), First Case, seeking to dismiss the case without prejudice. On July 13, 2017, the Court granted the motion and dismissed the case without prejudice. See Order (Doc. No. 25), First Case.

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

-3-

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Discussion

Although it appears Plaintiff may be financially unable to pay the filing fee, see Motion at 1-5, a review of the Second Amended Complaint reveals that it is subject to dismissal for frivolity and failure to state a viable claim on which relief may be granted.

Defendant is a singer-songwriter whose fifth album is entitled "1989." Complaint at Ex.

A. Plaintiff claims that on August 1, 2016, he launched an online store where he intended to

sell shirts with the number "1989" on them, which is the year Plaintiff was born. Sec. Am.

Compl. at 1, 3. Plaintiff, however, stopped selling the shirts because he "noticed [Defendant]

posted a TM next [to] the number 1989," and he was afraid Defendant would sue him "due

to her history of suing numerous people for numerous things involving anything close to her

brand . . . ." Id. at 2, 3. Plaintiff asserts Defendant committed "systemic fraud against the

trademark office," and that "the trademarks in question are fraudulent and illegitimate . . . ."

Id. Plaintiff seeks millions of dollars in damages.[3] Id. at 42. As bases for his claims, Plaintiff

cites the following authority: 15 U.S.C. § 1125(1)(A)-(2)(B); 37 C.F.R. § 1.56; sections

1207.01 and 1207.02 of the Trademark Manual of Examining Procedure, and 15 U.S.C. §

1120.[4]

The undersigned discusses the authority cited by Plaintiff and Plaintiff's allegations

regarding each authority in turn.

**A.  15 U.S.C. § 1125**

Pursuant to 15 U.S.C. § 1125(a):

Any person who, on or in connection with any goods or services, or any
container for goods, uses in commerce any word, term, name, symbol, or
device, or any combination thereof, or any false designation of origin, false or

---

[3]     Specifically, he seeks: "[$]208,000 in lost revenue"; "[$]292,000 [for] hours put into [this] lawsuit . . . [and] mental pain and suffering" and $80 million in punitive damages. Sec. Am. Compl. at 41. Plaintiff states he "wants [Defendant] to donate 10 [m]illion dollars of the 80 million [dollars] to a non-[p]rofit organization of [his] creation." Id. at 42. Although Plaintiff states he seeks "a total relief of 80 [m]illion [d]ollars," id. at 42, these amounts add up to $80,500,000.

[4]     See Patent & Trademark Office, Trademark Manual of Examining Procedure §§ 1207.01, 1207.02 (hereinafter USPTO Manual).

> misleading description of fact, or false or misleading representation of fact, which--
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(A)-(B).

Subsection (c)(1) allows the "owner of a famous mark" to seek an injunction against anyone who begins to use a mark that is "likely to cause dilution by blurring . . . of the famous mark." 15 U.S.C. § 1125(c)(1). Subsection (c)(2)(B) defines "dilution by blurring" as the "association arising from the similarity between a mark . . . and a famous mark that impairs the distinctiveness of the famous mark." 15 U.S.C. § 1125(c)(2)(B).

Plaintiff first quotes subsections (a)(A)-(B) and (c)(2)(B) and discusses the historical origins of the number "1989." See Sec. Am. Compl. at 4-9. He then asserts the following:

> 1989 is a famous mark[. T]he definition of [a] mark is ["]a line, figure, or symbol made as an indication or record of something.["] . . . [P]art b could . . . apply because 1989 is also a symbol made as an indication or record of something, 1989 being a time in history the definition of the world mark.

Id. at 8-9. Plaintiff does not specify what "part b" he is referring to. See id. at 9. Plaintiff does not cite subsection (b) of the provision but, as noted above, he does cite subsections (a)(B) and (c)(2)(B). See Sec. Am. Compl. at 6-8. Because he asserts 1989 is a famous mark, it appears he is referencing subsection (c)(2)(B), but in an abundance of caution, the undersigned also addresses subsection (a)(B).

Plaintiff's claims as to subsections (a)(B) and (c)(2)(B) lack arguable merit. Plaintiff does not allege that Defendant "misrepresent[ed] the nature, characteristics, qualities, or

geographic origin of . . . her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(B). To the extent Plaintiff may be alleging that Defendant misrepresented the nature of the "1989" mark because she did not invent the number, see Sec. Am. Compl. at 6, this allegation is meritless. There is no indication that Defendant ever claimed to have invented the number. Indeed, according to Plaintiff, she explained that she named her album "1989" because she was born in that year. See id. Subsection (c)(2)(B) appears to be inapplicable in this case because Plaintiff does not allege that he is the "owner of a famous mark that is distinctive, inherently or through acquired distinctiveness." 15 U.S.C. § 1125(c)(2)(B). Indeed, he claims Defendant is the one who owns the famous mark, although he asserts she owns it "illegally." Sec. Am. Compl. at 9. Thus, Plaintiff's allegations as to 15 U.S.C. § 1125(a)(B) or (c)(2)(B) are frivolous.

## B.  37 C.F.R. § 1.56

37 C.F.R. § 1.56 provides that in filing a patent application, an individual has a "duty of candor and good faith in dealing with the [USPTO]." 37 C.F.R. § 1.56(a). The undersigned finds that this regulation is inapplicable here because Plaintiff's allegations involve Defendant's trademark applications and do not refer to any patent applications. See generally Sec. Am. Compl. The undersigned thus finds Plaintiff's claims under 37 C.F.R. § 1.56(a) are frivolous.

## C.  USPTO Manual

A trademark is "any word, name, symbol, or device or any combination thereof used by any person to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992) (citing

15 U.S.C. § 1127) (internal quotation marks omitted). 15 U.S.C. § 1052 provides that "[n]o trademark . . . shall be refused registration" unless the mark, inter alia, "[c]onsists of or comprises a mark which so resembles a mark registered in the [USPTO]. . . as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d). According to section 1207.01 of the USPTO Manual, "a refusal under [15 U.S.C. § 1052(d)] is normally based on the examining attorney's conclusion that the applicant's mark, as used on or in connection with the specified goods or services, so resembles a registered mark as to be likely to cause confusion." USPTO Manual, § 1207.01. Section 1207.02 of the USPTO Manual provides that "[i]n addition to referring to a mark that so resembles another mark as to be likely to cause confusion or mistake, [15 U.S.C. § 1052(d)] refers to a mark being likely 'to deceive'" and that "deceptiveness involves intent and would be difficult to prove in an ex parte proceeding." USPTO Manual, § 1207.02.

Plaintiff quotes sections 1207.01 and 1207.02 of the USPTO Manual, Sec. Am. Compl. at 13-15, and alleges that Defendant "has 67 marks of the number 1989 which would cause [s]evere confusion as to which trademark is which," id. at 14 (capitalization omitted). According to Plaintiff, "the law does[ not] differ from other marks the applicant owns or a different person altogether[,] just a mark can[not] resemble another mark that could cause confusion . . . ." Id. (capitalization omitted). As to the trademark's likelihood of deception, Plaintiff claims that Defendant did not invent the number 1989, apparently alleging that the mark is likely to deceive as to who created the number. Id. at 15.

Plaintiff has failed to state a viable claim under 15 U.S.C. § 1052(d), and his claims are frivolous.[5] As noted above, the purpose of a trademark is to "indicate the source of the goods" bearing the mark. Two Pesos, 505 U.S. at 768 (citing 15 U.S.C. § 1127) (internal quotation marks omitted). Further, as Plaintiff correctly indicates, section 1207.01 of the USPTO Manual (discussing likelihood of confusion) states: "The issue is not whether the actual goods are likely to be confused but, rather, whether there is a likelihood of confusion as to the source of the goods." USPTO Manual, § 1207.01 (emphasis in original). Plaintiff, however, does not allege that there is any likelihood of confusion as to the source of the goods bearing the challenged trademark. Instead, he seems to suggest that the goods themselves are likely to be confused, which, as stated above, is not the issue in determining whether there is likelihood of confusion under 15 U.S.C. § 1052(d). Plaintiff has also failed to state a claim based on the challenged trademark's likelihood to deceive under 15 U.S.C. § 1052(d). Notably, there is no indication that Defendant intended to deceive as to the source of the goods associated with the trademark.

**D.  15 U.S.C. § 1120**

Under 15 U.S.C. § 1120, "[a]ny person who shall procure registration in the Patent and Trademark Office [("USPTO")] of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120. In alleging fraud in the procurement of a federal trademark, a plaintiff must plead the following elements: "(1) the challenged statement was a false representation regarding a

---

[5]     The USPTO Manual sections cited by Plaintiff discuss 15 U.S.C. § 1052(d), but they do not provide any causes of action. Although Plaintiff does not directly cite 15 U.S.C. § 1052(d), the undersigned, in an abundance of caution, considers this provision given that it is referenced in the USPTO Manual.

material fact; (2) the registrant knew the representation was false (scienter); (3) the registrant intended to deceive the [USPTO]; (4) the [USPTO] reasonably relied on the misrepresentation; and (5) the party suffered damages proximately resulting from such reliance." Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, No. 09–61490–Civ, 2011 WL 2174012, at *14 (S.D.Fla. June 2, 2011) (quoting San Juan Products, Inc. v. San Juan Pools of Kansas, Inc., 849 F.2d 468, 473 (10th Cir.1988)) (alterations in original). Further, Rule 9 requires that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b).

Plaintiff alleges 15 U.S.C. § 1120 "applies because the trademark [was] fraudulent to begin with at [the] time of attempted registration." Sec. Am. Compl. at 15. According to Plaintiff, Defendant's trademarks are invalid because the number 1989 "can[not] be owned or protected under federal law." Id. at 4. Plaintiff asserts that "[D]efendant and her lawyer knew they were[ not] going to get the trademark in the context they wanted but they could at least (scare) the public with a TM symbol on all the merchandise . . . ." Id. Plaintiff then states that Defendant has an "ESTP" personality and claims that "ESTP[s] are great natur[al] born leaders[,] they are very precise and knowing[,] and everything they do is a[n] exact calculation to command and conquer[,] . . . they are perfectionists in every way so there[ is] little to no chance that [Defendant] did[ not] know the fraud she was committing." Id. at 22 (some capitalization omitted).

Plaintiff's allegations are frivolous and do not amount to a viable claim under 15 U.S.C. § 1120. Plaintiff's assertion that Defendant applied for a trademark she knew she was not going to obtain does not constitute fraud under 15 U.S.C. § 1120. Plaintiff does not allege

that Defendant made a "false or fraudulent declaration or representation" or used "false means" in procuring her trademarks. 15 U.S.C. § 1120; see generally Sec. Am. Compl. Further, Plaintiff's general assertions are insufficient to comply with the particularity requirement under Rule 9(b). Thus, the undersigned finds Plaintiff's claims are frivolous, and he has failed to state a claim on which relief may be granted under 15 U.S.C. § 1120.

### IV. Conclusion

Overall, construing pro se Plaintiff's claims and allegations liberally, the undersigned finds Plaintiff's claims are due to be dismissed for frivolity and failure to state a claim on which relief may be granted. Accordingly, it is

**RECOMMENDED THAT**:

1.     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.     This case be **DISMISSED without prejudice**.

3.     The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 12, 2017.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro se Party

-11-